**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

CIVIL ACTION NO. 03-476-JBC

CHARLES W. ADAMS, JR., et al.,                                    PLAINTIFFS,

V.                          <u>MEMORANDUM OPINION AND ORDER</u>

COOPER INDUSTRIES, INC. and
MCGRAW EDISON COMPANY,                                    DEFENDANTS.

* * * * * * * * * *

This matter is before the court on the defendants' motion for summary

judgment on the wrongful death claims for Charles Cox, Mossie Caldwell, Lindsey

J. Baker, Nyal Bussesll, Sr., Maggie Joseph Wolfe, Cawood Bergman, Jimmie

Helton, Bettie Rowe, John Turner, and David Lankford (DE 258).

**Factual Background**

This matter is one of several cases arising out of contamination caused by

chemical emissions from the National Electric Coil ("NEC") plant in Harlan County,

Kentucky.

In February 1989, Kentucky officials discovered that the groundwater wells adjacent to the NEC plant were contaminated. According to the defendants, after discovery of the contamination, Cooper Industries paid for and installed city water lines near the plant so that residents would no longer need to rely on the contaminated wells for their water. Between 1990 and 1992, over 500 plaintiffs filed actions in this court seeking damages relating to the contamination. Several actions were consolidated into what has been referred to as the "*Robinett* litigation," which went to trial in April of 1996. The *Robinett* litigation was settled in October of 1996, with payments being made to the plaintiffs in November of that same year. The

> Environmental Protection Agency established for the NEC
> plant a clean-up plan which has been in place since 1992.

*Blanton v. Cooper Indus., Inc.*, 99 F. Supp. 2d 797, 799 (E.D. Ky. 2000). A class action was filed in the Harlan Circuit Court on October 6, 1997. *Lankford, et. al. v. Cooper Indus., et. al.*, No. 97-CI-00670 (Harlan Cir. Ct. 1997). The class was later decertified, and many of the plaintiffs in that case settled. Pursuant to the settlement agreement reached in that case, the statute of limitations for actions by plaintiffs who fit the class description was tolled from the date the action was filed through April 1, 2004. This lawsuit was filed on September 19, 2003, and the complaint alleges various claims for wrongful death and personal injury.

**The Defendants' Motion for Summary Judgment**

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden can be satisfied by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 324-25. To survive summary judgment, the non-moving party must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The non-moving party must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989); Fed. R. Civ. Pro. 56 (e). The court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Kentucky law, a wrongful death claim may be brought only by an appointed estate representative, and the claim must be filed within one year of the representative's appointment and no later than two years after the decedent's death. *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652, 655 (Ky. 1992). The defendants assert that they are entitled to summary judgment on the wrongful death claims filed on behalf of Charles Cox, Mossie Caldwell, Lindsey J. Baker, Nyal Bussesll, Sr., Maggie Joseph Wolfe, Cawood Bergman, Jimmie Helton, Bettie Rowe, John Turner, and David Lankford based on their failure to satisfy those requirements. The plaintiffs respond that lack of appointment of a representative is a correctable defect, and the statute of limitations was tolled by the defendants' fraudulent concealment of or misleading the plaintiffs as to material facts and because of the pendency of the class action in Harlan Circuit Court between October 6, 1997, and April 1, 2004.

## I.    Appointment of a Personal Representative

A wrongful death action must be prosecuted by the decedent's personal representative. K.R.S. 411.130(1); *Southeastern Ky. Baptist Hosp. v. Gaylor*, 756 S.W.2d 467, 470 (Ky. 1988). Kentucky Rule of Civil Procedure 15.03(1) governs the relation back of amendments to the original pleadings: "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the

3

amendment relates back to the date of the original pleading." That rule has been interpreted to allow the amendment of a complaint to substitute the real party in interest as a plaintiff even after the statute of limitations has run, if the defendant's ability to prepare his case is not prejudiced by the delay. *Richardson v. Dodson,* 832 S.W.2d 888 (Ky. 1992); *Modern Bakery, Inc. v. Brashear*, 405 S.W.2d 742, 743-44 (Ky. 1966).

The defendants contend that *Richardson* is distinguishable, because the amendment reflecting the plaintiff's appointment as personal representative in that case was filed as a matter of right, before any responsive pleading had been filed. The court in *Richardson* acknowledged that the plaintiff lacked capacity to assert the claim when it was filed, but found that the filing of the complaint nonetheless tolled the statute of limitations, because it gave the defendant notice of the claims against him. *Id.* at 889-90. The court found that the amendment therefore related back to the original complaint under Rule 15.03(1), because the plaintiff had attempted to state a claim for wrongful death in the earlier pleading. *Id.* at 889.

The court in *Modern Bakery* held that an amendment to change the plaintiff's capacity was not a new cause of action and did not constitute a change to the parties before the court. *Modern Bakery*, 405 S.W.2d at 744. The amendment therefore related back to the original pleading pursuant to Rule 15.03(1). *Id.* That court went so far as to say that an amendment to correct the status of the plaintiff could be made even after judgment had been rendered and set aside for the error.

4

*Id. But see Everley v. Wright*, 872 S.W.2d 95, 97-98 (Ky. Ct. App. 1994) (no relation back where amendment made after trial).

In their motion, the defendants stated that no personal representative had ever been appointed for the estates of Charles Cox or Lindsey J. Baker. The plaintiffs corrected the defendants in their response memorandum, and the court finds that personal representatives have been appointed for each of the decedents. Insofar as the defendants contest the validity of amendments to the complaint to reflect the appointment of a personal representative after the filing of the suit or more than two years after the decedent's death, the court finds generally that such an amendment – one made well before trial and in a situation in which there is no question that the defendants are fully aware of the allegations against them regardless of who is named as the plaintiff – is not detrimental to the defendants' ability to prepare their defense and shall relate back to the initial filing of the complaint pursuant to the rationale adopted in *Richardson* and *Modern Bakery*. Therefore, as long as the plaintiffs' claims were timely filed but for the error as to the personal representative or named plaintiff and the correction of that error does not prejudice the defendants, summary judgment in favor of the defendants is not warranted on that basis.

## II.    Statute of Limitations

The plaintiffs contend that the failure to file suit within two years of the decedents' deaths or one year of the appointment of a personal representative is

5

not fatal to their claims, because the limitations periods were tolled by the defendants' fraudulent concealment of their wrongdoing and in accordance with the tolling agreement reached in the class action lawsuit filed in Harlan Circuit Court on October 6, 1997.

### A.    Defendants' Concealment

The defense of the statute of limitations may not be asserted by a defendant who induced the failure to timely file suit by fraudulently concealing information, preventing the plaintiff from inquiring into the action, eluding investigation by the plaintiff, or otherwise misleading the plaintiff. *Hazel v. General Motors Corp.*, 863 F. Supp. 435, 439 (W.D. Ky. 1994), *see also* K.R.S. § 413.190(2). Conversely, the plaintiffs have an obligation to exercise reasonable care and diligence to discover whether they have a viable legal claim. *Id.* If the defendant is estopped from raising the statute of limitations because of his wrongdoing, the statute of limitations begins to run when the plaintiff learns of the unlawful act. *Id.*

Tolling will apply if "under all the facts and circumstances the plaintiff was justified in relying upon the representations and activities of the [defendant] in delaying filing suit until time had run out." *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 642-43 (6th Cir. 1986) (*quoting Miller v. Thacker*, 481 S.W.2d 19, 23 (Ky. 1972)). The Sixth Circuit applies a three-part test to determine whether the statute of limitations should be tolled due to a defendant's wrongdoing: (1) the defendant must have wrongfully concealed its actions; (2) the plaintiff must have failed to

6

discover the operative facts that form the basis of his action within the limitations period; and (3) the plaintiff must have exercised due diligence prior to discovering the operative facts. *Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001-1002 (6th Cir. 1994); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975). The defendant's conduct must also have been the reason the plaintiff did not proceed with legal action. *Blanton,* 99 F. Supp. 2d at 804 (*quoting Reuff-Griffin Decorating Co. v. Wilkes*, 191 S.W.443, 446 (1917)).

The plaintiffs allege that the defendants affirmatively misled them as to the nature of their misconduct and the geographic distribution of the contamination, which prevented the plaintiffs from discovering their causes of action. The plaintiffs claim that, among other things, the defendants represented that the pollution was not severe enough to cause illness; the contamination was limited to the "ground water plume"; surface contamination had been remedied so as to obviate the need for soil removal; any air pollution was insignificant and limited to the immediate proximity of the plant; and no PCBs were used in the oil-fired boiler.

This court rejected an argument for equitable tolling based on fraudulent concealment in *Blanton*, because the plaintiffs did not produce specific facts indicating that the concealment actually caused them not to file suit. *Blanton,* 99 F. Supp. 2d at 804. Similarly, in this case, the plaintiffs have not put forth any evidence that they would have filed suit but for the defendants' alleged misrepresentations or that they filed suit as soon as they learned of the defendants'

7

actions.

The plaintiffs have also failed to offer any proof that they exercised due diligence in seeking to discover the cause of their injuries despite any concealment by the defendants.  *See Noble*, 32 F.3d at 1001-1002; *Dayco*, 523 F.2d at 394. The plaintiffs' assertion that they had no reason to know of their potential exposure by virtue of the manner in which the contamination was publicized does not remedy the absence of any indication that they diligently sought to discover the cause.  The plaintiff has the burden of establishing the applicability of equitable tolling, *Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 838 F.2d 1445, 1465 (6th Cir. 1988), and in the absence of responsive evidence that it is appropriate, the plaintiffs' complaint is insufficient to excuse the failure to timely file their actions.  Lindsey J. Baker's claim relies, at least in part, on the defendants' fraudulent concealment as grounds for tolling the statute of limitations for his claims; because equitable tolling is not applicable, that claim is time-barred, and the defendants are entitled to summary judgment against his estate.

B.    *Harlan Circuit Court Class Action*

The plaintiffs further contend that, for plaintiffs who died between October 6, 1997, and April 1, 2004, and who fit the description of the class of plaintiffs in the Harlan Circuit Court litigation, the limitations period was extended until April 1, 2005, pursuant to the terms of a 2002 settlement agreement.  The plaintiffs assert that Charles Cox, Mossie Caldwell, Nyal Bussell, Sr., Maggie Joseph Wolfe,

Cawood Bergman, Jimmie Helton, Bettie Rowe, John Turner, and David Lankford[1] fit the class description, died within the tolling period, and timely filed their complaints within one year of April 1, 2004.

Cawood Bergman, Jimmie Helton, Bettie Rowe, John Turner, and David Lankford fit the class description and died during the pendency of the class action. Their personal representatives were appointed within one year of their deaths. Maggie Joseph Wolfe died during the class period, meets the criteria for inclusion in the class, and had a personal representative appointed within two years after she died. The appointment of a personal representative within two years of a decedent's death relates back to the one-year anniversary of that death. *Conner*, 834 S.W.2d at 655. Because these plaintiffs fit the class description, died during the tolling period, and their estates were timely appointed class representatives, the one-year statute of limitations for filing their claims after the appointment of their personal representatives did not begin to run until April 1, 2004. Each of their claims in this lawsuit was filed before April 1, 2005, and their claims are therefore not time-barred.

The defendants contend that the remaining plaintiffs – Charles Cox, Mossie Caldwell, and Nyal Bussell, Sr. – could not have joined the class action, because personal representatives had not been appointed within two years of their deaths.

---

[1] Although the plaintiffs did not address the claim brought on behalf of David Lankford in their response memorandum, the court finds that the omission was inadvertent, and he satisfies the same criteria as these plaintiffs.

The pendency of a class action will toll the statute of limitations as to a particular party only if that party could have brought his claim in the class action lawsuit. *Weston v. Ameribank*, 265 F.3d 366, 368 (6th Cir. 2001). The defendants' argument is dependent upon their position that the tolling effect of a pending class action does not apply to the two-year limitation on the appointment of a personal representative in a wrongful death claim and that post-filing amendment of a complaint to name a proper plaintiff does not relate back to the original filing.

In the wrongful death context, the appointment of a personal representative, like the filing of the claim within one year of its accrual, is a prerequisite to maintaining a lawsuit. The tolling doctrine effectively suspends a claimant's duty to act, and the court finds that the suspension applies both to the filing of the claim and to the appointment of a personal representative. As discussed above, defects with regard to the appointment of a personal representative are curable if the amendment does not prejudice the defendants. *See Richardson*, 832 S.W.2d at 889-90; *Modern Bakery*, 405 S.W.2d at 744. The court therefore finds that if a wrongful death claim is filed within one year after the cause of action accrues, and a personal representative is named as the party in interest within two years after the cause of action accrues and before a trial is conducted or judgment is rendered, the complaint may be amended to name the appropriate person as the plaintiff, and the statute of limitations will not be violated.

In this case, because the plaintiffs fit the class description and died within

10

the tolling period, the statute of limitations on their claims did not begin to run until April 1, 2004. All of their claims were filed prior to April 1, 2004, and all of their estates had been appointed personal representatives before April 1, 2005. Therefore, on the facts of this case, the court finds that their claims are not barred by the statute of limitations, and the defendants' motion for summary judgment as to them will be denied.

Nyal Bussell, Sr., satisfies the class criteria and died during the class period. His personal representative was appointed after he joined this lawsuit and more than two years from his death. The court has found that appointment of a personal representative within two years of the accrual of a cause of action for wrongful death may relate back to an earlier-filed claim. In any event, the time for filing a wrongful death claim on behalf of Mr. Bussell did not begin to run until April 1, 2004, and his estate had been appointed a personal representative and filed a wrongful death claim prior to the expiration of the tolling period. His claim is therefore timely, and the defendants are not entitled to summary judgment against him.

Charles Cox and Mossie Caldwell also fit the class description and died during the tolling period effectuated by the *Lankford* settlement. Their personal representatives were not appointed within two years of their deaths and their claims were not filed within the tolling period applicable to the class action. Their claims in this case were filed prior to April 1, 2005. The defendants contend,

11

however, that the class action tolling period is not available to them, because the failure to have a personal representative appointed during the class action means that they could not have participated in that case.  *See Weston*, 265 F.3d at 368. As discussed above, the court finds that the two-year time limit on the appointment of a personal representative was suspended until April 1, 2005, for anyone who fit the class description and died between October 6, 1997, and April 1, 2004. Therefore, the defendants' motion for summary judgment as to these plaintiffs will be denied.  Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment (DE 258) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** as to the wrongful death claim asserted on behalf of Lindsey J. Baker.  The motion is **DENIED** as to the wrongful death claims for Charles Cox, Mossie Caldwell, Nyal Bussell, Sr., Maggie Joseph Wolfe, Cawood Bergman, Jimmie Helton, Bettie Rowe, John Turner, and David Lankford.

Signed on April 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

12