**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 03-476-JBC**

**CHARLES W. ADAMS, JR., et al.,**                                      **PLAINTIFFS,**

**V.**                        **MEMORANDUM OPINION AND ORDER**

**COOPER INDUSTRIES, INC. and**
**MCGRAW EDISON COMPANY,**                                         **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the plaintiffs' motion to reopen the record

(DE 355) and the defendants' motion for reconsideration (DE 359).  As neither the

plaintiffs nor the defendants have presented sufficient grounds for the requested

relief, both motions will be denied.

**Factual Background**

This matter is one of several cases arising out of contamination caused by

chemical emissions from the National Electric Coil ("NEC") plant in Harlan County,

Kentucky.  A class action was filed in the Harlan Circuit Court on October 6, 1997.

*Lankford, et. al. v. Cooper Indus., et. al.*, No. 97-CI-00670 (Harlan Cir. Ct. 1997).

The class was later decertified, and many of the plaintiffs in that case settled.

Pursuant to the settlement agreement reached in that case, the statute of

limitations for actions by plaintiffs who fit the class description was tolled from the

date the action was filed through April 1, 2004.  This lawsuit was filed on

September 19, 2003, and the complaint alleges various claims for wrongful death

and personal injury.  A related lawsuit, *Moody, et. al. v. Cooper Indus., et. al.*, No.

03-158-JBC, was filed on February 13, 2003, and was later consolidated with the present case.

The present motions question rulings made in two different orders following several motions for summary judgment by the defendants.  On April 4, 2006, this court entered an order holding, among other things, that the plaintiff Lindsay Baker's claim for wrongful death was barred by the applicable one-year statute of limitations.  In that order, the court rejected the plaintiffs' argument that the statute of limitations had been tolled as a result of any concealment by the defendants, specifically finding that the plaintiffs had "failed to present any evidence that they would have filed suit but for the defendants' alleged misrepresentations or that they filed suit as soon as they learned of the defendants' actions" (April 4, 2006, Memorandum Opinion and Order, at 7-8).  On May 3, 2006, the court entered a nearly identical order in the *Moody* case regarding the wrongful death claims of Ollice Bailey, Cleta Osborne Robinson, Betty Lou Turner, Conley Cornett, and Alva Elliott.  In the May 3, 2006, order, the court also denied the defendants' motion for summary judgment on David Gilbert, Sr.'s claim on statute-of-limitations grounds, finding that Gilbert had created a genuine issue of material fact as to whether he should have been aware that his diagnosis for bladder cancer was related to the NEC plant contamination more than one year before he filed his complaint.

**Legal Analysis**

*A. The Plaintiffs' Motion to Reopen the Record*

The plaintiffs request to reopen the record for the purported purpose of collecting additional evidence on the issue of concealment by the defendants.  In support of their motion, the plaintiffs claim that they misinterpreted the defendants' motions for summary judgment as to Lindsay Baker, Ollice Bailey, Cleta Osborne Robinson, Betty Lou Turner, Conley Cornett, and Alva Elliott.  The motions for summary judgment in question argued that the wrongful death claims on behalf of Baker, Bailey, Robinson, Turner, Cornett, and Elliott were barred by the one-year statute of limitations applicable to wrongful death actions.  The court found that the defendants met their burden of showing an absence of evidence to support the plaintiffs' claims.  In response, the plaintiffs attempted to show that the statute of limitations was tolled under the doctrine of concealment but presented insufficient evidence to support that defense.  The court therefore held that the claims on behalf of these six decedents were barred by the statute of limitations.

The court fails to see how this procedural chain of events would justify reopening the record to allow the plaintiff to, in essence, file a sur-reply to the defendants' reply.  When a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e).  Simply put, the defendants carried their burden pursuant to Rule 56, and the plaintiffs failed to meet theirs.  Although the plaintiffs claim they somehow

3

misinterpreted the defendants' motions, the motions for summary judgment filed by the defendants were clearly based on statute-of-limitations grounds.  The plaintiffs were or should have been aware at that point that they needed to raise and properly support any concealment argument they wished to make.  The fact that they failed to do so does not entitle them to the extraordinary relief they now request.

B. The Defendants' Motion to Reconsider

The court interprets a motion for reconsideration as a motion to alter or amend a judgment under Fed R. Civ. P. 59(e).  *Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005).  In order to succeed on such a motion, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result.  *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804,  (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In their motion for reconsideration, the defendants essentially argue that the court improperly found that genuine material facts exist as to whether the claim of David Gilbert, Sr. was barred by the applicable statute of limitations.  The defendants contend that the court's ruling on Gilbert's lawsuit is inconsistent with its findings that claims by some of Gilbert's co-plaintiffs were time-barred, and they re-state many arguments presented in their motion for summary judgment on Gilbert's claim.

A motion for reconsideration does not serve as an opportunity to re-argue a case. *Engler*, 146 F.3d at 374.  The defendants' present motion neither presents any "manifest error of law," *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992), committed by the court nor asserts any argument that the court has not already considered.  Instead, the thrust of the defendants' request is that they disagree with the court's May 3, 2006, order and believe the court should re-examine their motion for summary judgment on Gilbert's claim.  The Sixth Circuit has previously held that such circumstances do not warrant the granting of a motion to reconsider.  *See Graham* ex rel. *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385-86 (6th Cir. 2004) (approving district court's denial of motion for reconsideration that merely raised arguments that were already considered).  Even if the court were not convinced of the correctness of its previous ruling on Mr. Gilbert's claim, the defendants' motion for reconsideration does not demonstrate sufficient grounds for relief under Rule 59(e).  Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to reopen the record (DE 355) is **DENIED**, and the defendants' motion for reconsideration (DE 359) is **DENIED.**

Signed on July 18,

2006



*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY