UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 03-476-JBC

CHARLES W. ADAMS, JR., et al.,                                        PLAINTIFFS,

V.             **MEMORANDUM OPINION AND ORDER**

COOPER INDUSTRIES, INC. and
MCGRAW EDISON COMPANY,                                DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to strike (DE 450). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendants' motion.

The defendants have moved to strike the re-designation of Ronald Mullenex and Richard Ellis as "available testifying" experts at the trial of this case. On April 17, 2006, the plaintiffs informed the defendants that they intended to present the testimony given by Mullenex and Ellis at the 1996 trial of *Amburgey v. McGraw Edison Company*, *et al*. Pursuant to a request by the defendants, the plaintiffs, on September 5, 2006, confirmed that both Ellis and Mullenex will not appear live at the trial. Specifically, the plaintiffs stated that Ellis had made a career change and no longer provides expert witness testimony. They also claimed that Mullenex was "stale" on the details of the case and that his prior trial testimony would be used to spare the parties any further expense. On October 2, 2006, however, the plaintiffs indicated that Mullenex will testify at the trial of this case. They elaborated that his

trial exhibits will be updated to reflect locations relevant to the current plaintiffs but that his testimony regarding the water plume will remain unchanged. The next day the plaintiffs informed the defendants that Ellis was still unavailable but would be called to testify at trial if summoned by the court to do so.

On November 30, 2006, the defendants informed the court that they waived their objections under Fed. R. Evid. 804(b)(1) to the admission of the former testimony of several of the plaintiffs' expert witnesses, including Mullenex and Ellis. Based on that stipulation, the court entered an order on December 19, 2006, denying as moot the defendants' motion to strike Mullenex and Ellis as available testifying experts. At a hearing held on December 21, 2006, however, the defendants notified the court that they did not intend their stipulation as a concession on the issues raised in their motion to strike. The court has since rescinded that part of its December 19, 2006, order denying the motion to strike as moot, and the issue is now fully briefed and ripe for review.

Fed. R. Civ. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed. In . . . lieu of this sanction, the court . . . may impose other appropriate sanctions." Harmlessness, not prejudice, is the key under Rule 37. *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). Exclusion is automatic and mandatory unless the sanctioned party can show that its violation of

2

Rule 26(a) was either justified or harmless. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The burden of proving harmlessness is on the potentially sanctioned party. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

In *Roberts*, the Court of Appeals approved the district court's decision not to exclude the testimony of a defense expert, Dr. Charash, who was identified to the plaintiff at the last minute as a replacement for the testimony of another expert, Dr. Micon, who had become unavailable. The plaintiff argued, as the defendants have here, that they were not provided with the new expert's curriculum vitae or a summary of his conclusions. The district court allowed Charash to appear at trial on the condition that he was not permitted to testify differently than Micon would have. *Id.* at 783. In affirming the district court's ruling, the Sixth Circuit noted that the plaintiff's allegations seemed "relatively harmless in the context of the case" because the plaintiff had been informed that "Charash was going to follow the conclusions of Dr. Micon's original report." *Id.* The court also held that the district court had satisfied Rule 37's mandatory-sanction requirement by not allowing Charash to testify to matters outside of Dr. Micon's opinion. *Id.* at 783-84 ("Rule 37(c)(1) . . . provides several remedies to a district judge who is faced with violations of the mandatory-disclosure provisions of Rule 26.").

This case provides an even less compelling case for sanctions than *Roberts*. The plaintiffs have stipulated that Mullenex and Ellis will offer only the testimony

3

they presented in 1996. Thus, not only do the defendants have a summary of these experts' proposed testimony, they already know or should know the substance of that testimony. Under the circumstances, the plaintiffs' recent designation of Mullenex and Ellis as live witnesses is harmless. Thus, the court will allow Mullenex and Ellis to testify at trial on the condition that they confine their testimony to the opinions expressed in the *Amburgey* trial.

The plaintiffs have also indicated that Mullenex plans to update his exhibits to account for the difference in wells to which the bellwether plaintiffs in this case were exposed, as opposed to the wells that were at issue in *Amburgey.* The defendants claim that they have not received these exhibit updates, that the plaintiffs have therefore violated Rule 26(a), and that Mullenex should accordingly not be permitted to testify at trial. The court finds that this factor alone does not disqualify Mullenex's live testimony. Mullenex will state the same conclusions that he espoused in 1996, modifying only his geographic references. Armed with his 1996 testimony, the defendants should be more than prepared to cross-examine him as to his conclusions. The court will, however, require the plaintiffs to provide the defendants with Mullenex's updated exhibits no later than twenty days after the entry of this order.

**IT IS ORDERED** that the defendants' motion to strike (DE 450) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiffs shall provide the defendants with Mullenex's updated exhibits no later than twenty (20) days after the entry of this order.

Signed on February 7, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY