UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 03-476-JBC**

**CHARLES W. ADAMS, JR., et al.,**                                            **PLAINTIFFS,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**COOPER INDUSTRIES, INC. and**
**MCGRAW EDISON COMPANY,**                                        **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for clarification (DE 536). The court, having reviewed the record and being otherwise sufficiently advised, will grant the defendants' motion.

**I. Factual Background**

On November 6, 2006, the plaintiffs filed a motion to compel the disclosure of insurance information. Specifically, the plaintiffs sought for the defendants to provide them with "information as to whether there is insurance coverage to satisfy part or all of a judgment entered in favor of the bellwether Plaintiffs." DE 478, at 1. At a hearing held on December 21, 2006, the court granted the plaintiffs' motion and ordered the defendants to produce settlement agreements entered into between them and several insurance companies following coverage litigation that took place in Illinois approximately ten years ago. On January 17, 2007, counsel for one of the parties to the Illinois litigation, Employers Insurance of Wausau, f/k/a Employers Insurance of Wausau, A Mutual Company ("Wausau"), objected by letter

to the production of the release agreement it entered into with the defendant, Cooper Industries, Inc. (hereinafter, the "Wausau Release").  Wausau claimed that this release was entered into and has been maintained as a confidential agreement and that the contents of the release have little relevance to the instant action.  In light of Wausau's objection, the defendants now request clarification from the court as to whether the court's ruling on the plaintiffs' motion to compel requires them to produce the Wausau Release to the plaintiffs.

**II. Legal Analysis**

*A. Relevance of the Wausau Release*

Wausau argues that the Wausau Release is irrelevant to any claims or disputes in this case because it unequivocally states that it did not pertain to any future injury claims and that Wausau fully reserved its rights with respect to new suits concerning the Harlan, Kentucky, site.  Even assuming that the Wausau Release was not a waiver of any of Wausau's rights with respect to future claims; that it did not purport to establish any certain coverage limitations or warranties; and that it did not apply directly to the claims of the plaintiffs in this case, this does not mean that the terms of the release are not *relevant* in determining the extent of insurance coverage that may be available to satisfy the plaintiffs' claims in this action.  The coverage disputed in the Illinois litigation related, at least in part, to claims arising in the same area and the same time frame as the claims asserted in this case.  The plaintiffs are entitled to inspect the Wausau Release as a way of

estimating the extent of insurance coverage that may be available to them in this action.[1]

Moreover, the defendants have stated that, "[s]ince 1986, [they have] been self-insured for up to $3,000,000 per occurrence. From 1990 forward, the self-insured retention remained at least $3,000,000, and the format of excess insurance changed to a 'claims made' form, and there is no coverage available for these claims." Exhibit B to DE 501. At the December 21, 2006, hearing, counsel for the defendants explained that the policies in this case are not ones in which "there is a specific time period and a specific time limit." Tr. of Hr'g 12/21/06, at 48. Instead, counsel stated that "[t]here will be no determination of coverage until this case has been resolved" and that the defendants would "negotiate [at that time] with these carriers to see if there is coverage depending on the result." *Id.* If these statements are accurate, and there will indeed be no conclusion as to the extent of insurance coverage for the plaintiffs' claims until this case is resolved, then the Wausau Release and the other settlement agreements entered into following the Illinois litigation are the best, if not the only, evidence on which the plaintiffs can rely in ascertaining what insurance coverage is available to satisfy their claims.

Although the Wausau Release may be imperfect evidence of the insurance

---

[1] Indeed, the court has already rejected arguments by both parties that their opponents should just take them at their word. Tr. of Hr'g 12/21/06, at 9, 50-51. Wausau's assertions that the plaintiffs are not entitled to discovery of the Wausau release because it is not relevant exhibit a similar "take our word for it" mentality.

coverage available in this case, it is relevant to the issue and the plaintiffs' need for it is profound.  The court will therefore overrule Wausau's objections based on the alleged lack of relevance of the Wausau Release.

*B. Wausau's Confidentiality Concerns*

The court also rejects Wausau's objection to the production of the Wausau Release based merely on the fact that it is a confidential document.

> [A] general concern for protecting confidential information does not equate to privilege. . . .  [I]n the context of settlement agreements the mere fact that settling parties agree to maintain the confidentiality of their agreement does not serve to shield the information from discovery.  Simply put, litigants may not shield otherwise discoverable information from disclosure to others merely by agreeing to maintain its confidentiality.

*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684-85 (D. Kan. 2004) (citations omitted).  Further, this court has already entered an agreed protective order governing the Wausau Release and the other settlement agreements entered into in the Illinois litigation, *see* DE 539, and the defendants have stated that they "are prepared to produce the Wausau Release."  DE 536, at 2.  The court respects Wausau's legitimate interest in maintaining the secrecy of its proprietary business information.  However, even if confidentiality alone could serve as an adequate basis to object to the production of a document, Wausau's interest is adequately protected in this situation.

In sum, the plaintiff's need to obtain the Wausau Release for inspection outweighs Wausau's interest in maintaining that agreement's confidentiality, particularly since the parties and the court have undertaken to maintain its secrecy

to the extent possible. The court therefore overrules Wausau's objections to the production of the Wausau Release. Having done so, the court's prior order granting the plaintiffs' motion to compel the disclosure of insurance information is now clarified, and the defendants shall produce the Wausau Release to the plaintiffs. Accordingly,

**IT IS ORDERED** that the defendants' motion for clarification (DE 536) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants shall submit a copy of the Wausau Release to the plaintiffs no later than seven (7) days after the entry of this order.

**IT IS FURTHER ORDERED** that the letter from Wausau shall be filed in the record, is **CONSTRUED** as an objection and shall be docketed as such by the Clerk.

Signed on March 13, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5