UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 03-476-JBC**

**CHARLES W. ADAMS, JR., et al.,**                                                               **PLAINTIFFS,**

**V.**                    <u>**MEMORANDUM OPINION AND ORDER**</u>

**COOPER INDUSTRIES, INC. and**
**MCGRAW EDISON COMPANY,**                                                    **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiffs' motion to extend the fact discovery deadline (DE 593); and the defendants' motion to compel meaningful fact witness disclosures (DE 622). The court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiffs' motion and deny the defendants' motion.

**I. Motion to Extend the Fact Discovery Deadline**

Pursuant to a scheduling order entered on January 24, 2007, the parties were to complete all pre-trial fact discovery no later than March 15, 2007. The plaintiffs move to extend this fact discovery deadline only for the purpose of taking certain depositions that could not be completed during the scheduled discovery period and the naming of additional fact witnesses. The defendants agree that the discovery deadline should be extended to allow for additional depositions, and the court will therefore grant by agreement the plaintiffs' motion to extend the fact

discovery deadline as to this issue.[1]

The defendants object to any extension of the discovery period for the purpose of naming additional fact witnesses. The plaintiffs claim that the naming of additional fact witnesses is necessitated by the testimony to be given by defense witnesses Walter Napier and Vance Mosely regarding other potential sources of air pollution in the Dayhoit area. Specifically, Napier testified in his deposition regarding the burning conducted by other electrical shops in Harlan County and Mosely apparently plans to testify about the forest-fire history of the area. The plaintiffs allege that the defendants have never previously raised the issue of

---

[1]Specifically, the parties state that they have agreed that: (1) the supplemental depositions of the four bellwether plaintiffs shall be held on May 2, 2007; (2) the depositions of the treating physicians of three of the bellwether plaintiffs shall be held at a time that is yet to be determined; (3) the depositions of certain Cooper Industries employees are tentatively scheduled for April 2-3, 2007; (4) the deposition of Jackson Smith shall be held on March 30, 2007; (5) the deposition of Dr. Yves Tondeur shall be held at a time that is yet to be determined; (6) the de bene esse deposition of Walt Napier shall be held on March 27, 2007.

The court notes that the specific dates listed above have already passed. As the parties have not informed the court of any further issues regarding these dates, the court will assume that all of the depositions scheduled on a certain date were conducted as planned.

With regard to those depositions for which dates had not been scheduled at the time of the briefing of this matter, the court clarifies that the scope of this order is limited solely to the approval of the extension of the discovery deadline for the taking of those depositions. The court neither expressly approves nor disapproves of any particular date, and the parties are expected to set a mutually agreeable time for the conduction of these depositions, if they have not already done so.

Finally, the parties advise the court that they are still discussing the plaintiffs' entitlement to take the depositions of certain Cooper Industries' employees. To the extent that the parties have not yet agreed that a witness's deposition shall be taken, the court does not require that such a deposition be conducted, except as specifically stated in this opinion.

alternative sources and that they are therefore entitled to name fact witnesses to rebut these new allegations by the defendants.

The court agrees with the plaintiffs. On April 24, 2006, the plaintiffs served interrogatories on the defendants that asked the defendants to state whether they alleged that the bellwether plaintiffs had been exposed to the chemicals known to be present at the NEC site from any alternative source. *See* Exhibit 1 to DE 660. If the answer to that question was yes, the plaintiffs also asked the defendants to describe the identity and location of the alternative sources and the witnesses who would provide testimony regarding such sources. *Id.* The defendants responded by objecting to those interrogatories as premature and more properly directed to expert witnesses. *Id.* Without waiving that objection, the defendants stated that their experts would testify that all of the plaintiffs may have had alternative exposures because of the ubiquity of the defendants' chemicals in the environment. *Id.*

This response by the defendants was inadequate to inform the plaintiffs that the defendants planned to present the testimony that they now intend to proffer from Napier and Mosely. The plaintiffs specifically asked the defendants to name the alternative sources they wished to present evidence of at trial and the witnesses who would discuss those sources, and the defendants did not do so. They instead stated broadly that their *experts* would present this evidence, without identifying any expert or experts in particular. Napier and Mosely, however, were

3

both designated as fact witnesses by the defendants.[2] The defendants cannot deliver an ambiguous answer to an interrogatory regarding the scope of the issues in this action and then claim that the plaintiffs should have designated witnesses to refute testimony that they were unaware that the defendants planned to offer.

In addition, the court finds that little prejudice will befall the defendants if the plaintiffs are permitted to name additional fact witnesses. The plaintiffs intend to designate only two additional witnesses, and they have already presented the court with the names of those witnesses. *See* Exhibit 9 to DE 660. The naming of additional witnesses should have no effect on the filing of *Daubert* motions, and the court is unpersuaded that granting the plaintiffs' request will interfere with the filing of dispositive motions or deposition designations. The court will grant the plaintiffs' motion for an extension of time to name the additional fact witnesses whose names have already been presented to the court.

Finally, the plaintiffs claim that, at the time of Mr. Mosely's deposition, he had yet to complete his analysis of reports regarding forest fires in Harlan County and the Daniel Boone National Forest. Should the plaintiffs wish to re-depose Mr. Mosely on this issue, they may do so. The scope of this deposition, however, is expressly limited to Mr. Mosely's review of the forest-fire data that he had not finished at the time of his first deposition.

---

[2]The court is aware that the plaintiffs have filed a motion to strike Mosely's testimony on the ground that he was improperly designated as a fact witness because his testimony is "expert" in nature. *See* DE 690. The court expresses no opinion on the merits of that motion at this time, and it will be resolved separately.

**II. Motion to Compel Meaningful Fact Witness Disclosures**

At the pre-trial conference held on December 21, 2006, the defendants asked the court to set a fact discovery deadline and, therefore, an earlier deadline for the disclosure of fact witnesses as well. Tr. of Hr'g 12/21/06, at 103. The court set the deadline for the disclosure of fact witnesses at the end of January, and further stated: "You don't have to give exactly what [the fact witnesses will] say. . . . You just have to disclose to each other your fact witnesses for trial." *Id.* at 104-05. On January 31, 2007, the plaintiffs sent the defendants a list of roughly eighty witnesses, a number that had been trimmed down from a total of ninety-two in a list submitted three months before. The plaintiffs designated thirteen of them as witnesses that they intended to call at trial; the remainder were listed as witnesses that the plaintiffs may call or could call, depending on how events unfolded in discovery and during trial. The plaintiffs also indicated that most, if not all, of these witnesses had been previously deposed by the defendants or had testified in the *Amburgey* litigation.

The defendants have moved the court to compel the plaintiffs to produce more meaningful fact witness disclosures. In support, the defendants claim that the witness list submitted to them by the plaintiffs is inadequate because it is not sufficiently narrowed and they cannot discern from the list which witnesses are likely to be called to testify at trial.

The court finds that the plaintiffs' witness list satisfactorily serves the

5

purposes for which it was produced. As the transcript of the December 21, 2006, hearing shows, the disclosure of fact witnesses on January 31, 2007, was intended to facilitate fact discovery; it was not intended to bind either party to a list of fact witnesses.[3] More importantly, the court believes that the plaintiffs have complied with its order to the best of their ability. The list describes witnesses that the plaintiffs intend to call and those that they might call. While the defendants may be dissatisfied with the size of the list, the number of witnesses is not objectionable so long as it is accurate.

Further, the court notes that in the defendants' supplemental disclosure of fact witnesses dated January 21, 2007, they identify thirteen additional witnesses who "may be called to testify at the trial of this action" and also refer the plaintiffs to their Supplemental Rule 26(a)(1)(A) Disclosures in which they identified "a number of fact witnesses who may be called to testify" at trial. *See* Exhibit 2 to DE 670. These Supplemental Rule 26(a)(1)(A) Disclosures, however, simply list a number of persons who were "likely to have discoverable information" and further referred the plaintiffs to witness lists in other civil actions. *See* Exhibit 4 to DE 670. The court finds this collection of witness lists no more helpful in determining what witnesses will testify at trial than the one provided by the plaintiffs. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to extend the fact discovery

---

[3]Pursuant to the court's April 19, 2007, scheduling order, the parties' final witness lists must be filed no later than June 15, 2007. *See* DE 689.

deadline (DE 593) is **GRANTED**, to the extent and with the limitations set forth in the preceding opinion.

    **IT IS FURTHER ORDERED** that the defendants' motion to compel meaningful fact witness disclosures (DE 622) is **DENIED**.

    Signed on May 15, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY