UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 03-476-JBC

CHARLES W. ADAMS, JR., et al.,                                              PLAINTIFFS,

V.          MEMORANDUM OPINION AND ORDER

COOPER INDUSTRIES, INC. and
MCGRAW EDISON COMPANY,                                                      DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to strike portions of the supplemental report of Dr. Bruce Bacon (DE 538). The court, having reviewed the record and being otherwise sufficiently advised, will deny the defendants' motion.

Dr. Bacon is a gastroenterologist whom the plaintiffs designated to testify regarding Curtis Roper's liver disease. On August 31, 2006, Dr. Bacon submitted an expert report in which he opined that, although Mr. Roper displayed many of the known risk factors for fatty liver disease, his cryptogenic cirrhosis was caused by "his exposure to various hepatotoxins." Expert Report of Dr. Bruce Bacon, attached as Exhibit B to DE 538, at 3-4. Dr. Bacon based his opinion in part on the testing performed on liver tissue samples taken from Mr. Roper that showed negative results for hepatitis B and C and normal cholesterol and iron levels. *Id.* at 2-3. However, Dr. Bacon relied most heavily on the increased level of porphyrins found in a urine sample taken from Mr. Roper on July 11, 2002, in rendering his opinions. *Id.* at 3 ("[I]t must be assumed that the elevated porphyrins represent a

chemical-induced state . . . .").

After they received Dr. Bacon's report, the defendants retained a porphyrin expert, Dr. Karl Anderson, to review Mr. Roper's July 11, 2002, laboratory result. After doing so, Dr. Anderson stated that, because the excess porphyrins appearing in Mr. Roper's urine sample are a common by-product of any type of damaged liver, it is unlikely that Mr. Roper's elevated porphyrin count is indicative of any chemical exposure. See Expert Report of Dr. Karl Anderson, attached as Exhibit C to DE 538, at 2-3.

On February 12, 2007, the plaintiffs served the defendants with a supplemental report from Dr. Bacon in which he withdrew "any reliance on the laboratory results regarding coproporphyrins on Mr. Roper from consideration in the formulation of [his] opinions." See Supplemental Report of Dr. Bruce Bacon, attached as Exhibit D to DE 538, at 2. He nonetheless adhered to his belief that "Mr. Roper's chemical exposure was a substantial contributing factor in his development of cirrhosis" based on his review of the reports of other experts that showed "the capacity of [the defendants'] chemicals to cause injury." Id. He further noted that, even if Mr. Roper suffered from fatty liver disease, "his chemical exposure would still have played an important role in the progression of any disease and would still be a substantial factor in causing his cirrhosis." Id. at 3.

On February 22, 2007, the defendants filed this motion to strike the chemical toxicity theories stated by Dr. Bacon in his supplemental report on the grounds that these theories dramatically alter his testimony, are not supplemental,

2

and are extremely late and prejudicial. The defendants correctly note that one of the underpinnings of Dr. Bacon's original report, his reliance on excess porphyrins in Mr. Roper's July 2002 urine sample, was withdrawn in his second report. However, the defendants are free to impeach Dr. Bacon with evidence of this retraction, thereby minimizing any prejudice they may suffer as a result of it. Further, the court ordered on February 7, 2007, that Dr. Bacon's deposition was to take place on February 28, 2007, and that any *Daubert* motion related to Dr. Bacon would not be due until March 15, 2007, fourteen days after the due date of the other *Daubert* motions. *See* DE 527. The court is therefore unconvinced that the defendants suffered any significant harm due to the filing of Dr. Bacon's supplemental report on February 12, 2007. Indeed, the record reflects that they were able to depose Dr. Bacon as scheduled and filed two *Daubert* motions directed at his testimony. *See* DE 591, 592. While recognizing that Dr. Bacon's shift in the basis for his opinion was unexpected, the court does not find that the drastic sanction of striking the chemical toxicity portions of his opinion is warranted. Accordingly,

**IT IS ORDERED** that the defendants' motion (DE 538) is **DENIED**.

Signed on May 29, 2007



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY