**ELECTRONICALLY FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CHARLES W. ADAMS, JR., et al.,                )
                                              )
                    Plaintiffs,               )
                                              )
v.                                            )          C. A. NO. 5:03-CV-476-JBC
                                              )
COOPER INDUSTRIES, INC. and                   )
MCGRAW EDISON CO.,                            )
                                              )
                    Defendants.               )
                                              )

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**THEIR MOTION FOR LEAVE TO TENDER ADDITIONAL**
**AUTHORITY IN SUPPORT OF THEIR MOTION TO EXCLUDE**
**TESTIMONY AND OPINIONS OF PLAINTIFFS' EXPERTS**
**REGARDING SPECIFIC CAUSATION**
**(Relates to DE No. 552)**

Defendants' Motion to Exclude the Testimony and Opinions of Plaintiffs' Experts

Regarding Specific Causation (DE No. 552) is pending before the Court. The issue

raised in Defendants' *Daubert* challenge is whether Plaintiffs' experts should be allowed

to testify that a substance from the NEC plant caused them an injury when those

experts have not—as they openly concede—performed a dose-response calculation. As

set forth in Defendants' motion, the Sixth Circuit's decision in *Nelson v. Tennessee Gas*

*Pipeline* makes it clear that in a toxic tort case, there must be expert evidence that the

dose to which the plaintiff was exposed is sufficient to cause the claimed disease. 243

F.3d 244, 253-554 (6th Cir. 2001).

The parties completed briefing and oral argument on the specific causation issue in April 2007. Afterwards, on June 8, 2007, the Supreme Court of Texas issued an opinion tracking the *Nelson* decision. In *Borg-Warner v. Flores*, the supreme court held that a toxic tort plaintiff ***must present quantitative evidence*** that the ***dose*** to which the plaintiff was exposed ***is sufficient to cause the disease*** of which the plaintiff complains. 2007 WL 1650574 (Tex. June 8, 2007) at \*6 (the opinion is attached as Exhibit 1). Thus, like the Sixth Circuit, the Texas Supreme Court found that dose-response is the touchstone of a toxic tort case. And without proof that the dose was sufficient to cause injury, a toxic tort plaintiff cannot establish causation.

The *Borg-Warner* decision is directly on point: it involves a toxic tort claim, it follows the Sixth Circuit's reasoning in *Nelson,* it relies heavily on the Federal Judicial Center's Reference Manual on Scientific Evidence, and it adheres to Section 431 of the Restatement (which also governs negligence cases in Kentucky). Thus, the opinion provides guidance on the legal issue before this Court. Because the opinion did not exist in April 2007 when the parties completed briefing and argument on the specific causation issue, Defendants request that they be given leave to tender this additional authority and that the court consider the *Borg-Warner* opinion in deciding Defendants' motion on specific causation.

## I.    ANALYSIS

The plaintiff in *Borg-Warner*, Flores, was a long-time brake mechanic. For a number of years, he used Borg-Warner brake pads, which contained up to 28 percent chrysotile asbestos fibers by weight. It was necessary for Flores to grind the pads

2

during installation.  This created clouds of dust that Flores inhaled in his eight-by-ten foot workspace.  *Borg-Warner* at *1.  At trial, Flores' experts testified that he suffered from asbestosis and that Borg-Warner's brake pads had contributed to the development of the disease.  *Id.* at **1 and 2.  Although Flores' experts did not perform a dose analysis, Flores succeeded on his claim in the trial court.

On appeal, the Texas Supreme Court considered whether Flores had indeed proven causation, in the absence of specific evidence on dose.  The supreme court reversed the trial court, holding that in a toxic tort case, a plaintiff must offer *quantitative* evidence that the dose to which he was exposed is sufficient to cause injury.  *Id.* at *8.

The supreme court began its analysis by defining general causation.  As with Kentucky courts, the causation standard set forth in section 431 of the Restatement (Second) of Torts guided the *Borg-Warner* court.  *Id.* at *4.  Thus, a plaintiff must show that the substance in question was the cause-in-fact, or "but for" cause of his injury.  *Id.*; *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 91-92 (Ky. 2003) (a detailed discussion on general causation is contained in Defendants' general causation briefing, D.E. Nos. 551 and 650).

The *Borg-Warner* court then addressed whether Flores had shown specific causation.  The court began with the fundamental principle of toxicology: "the dose makes the poison."  *Id.* at  *5, *citing, inter alia,* the Reference Manual on Scientific Evidence 401, 403 (other citations omitted).  The court recognized that dose *"is the single most important factor to consider in evaluating whether an alleged exposure*

3

*caused a specific adverse effect."* *Id.* at *5 (citation and punctuation omitted) (emphasis added). Again quoting the Reference Manual, the court found that experts opining on causation *"should offer an opinion as to whether the dose to which the plaintiff was exposed is sufficient to cause the disease."* *Id.* (emphasis added).

In attempt to satisfy the dose-response requirement, Flores' experts argued that because the Borg-Warner brake pads contained asbestos, there was necessarily "some" level of asbestos in the Borg-Warner brake pad dust that Flores inhaled. Therefore, the experts opined, because "every asbestos exposure contributes to asbestosis", Borg-Warner brake dust was a cause of Flores' disease. *Id.* This argument mirrors the argument made by Plaintiffs' experts in this case. Plaintiffs experts do not quantify the amount dioxins, TCE or PCBs to which Plaintiff were exposed. Instead, they insist that surely Plaintiffs were exposed to *something* from the NEC plant by virtue of living, visiting, or working in some proximity to the plant. Therefore, the argument continues, because any exposure to any chemical in any amount (no matter how small) is harmful, Plaintiffs have made a causation showing against the Defendants.

The *Borg-Warner* court rejected this type of reasoning as unscientific and unreliable because it ignores the mandate that a causation expert must consider dose to determine cause.

> Th[e] record, however, reveals nothing about how much asbestos Flores might have inhaled. He performed about fifteen to twenty brake jobs a week for over thirty years, and was therefore exposed to "some asbestos" on a fairly regular basis for an extended period of time. Nevertheless, *absent any evidence of dose, the jury could not evaluate the quantity of respirable asbestos to which Flores might have*

4

> *been exposed or whether those amounts were sufficient to*
> *cause asbestosis*.

Id. at *6 (emphasis added). The same is true here. Plaintiffs' experts have failed to assess the dose that each of the Plaintiffs received of the substances at issue. Yet this "quantitative information" is essential to establishing causation. *Id.* While the dose-response level "need not be reduced to mathematical precision" there must be "[d]efendant-specific evidence relating to the approximate dose to which the plaintiff was exposed, coupled with evidence that the dose was a substantial factor in causing" the disease. *Id.* at *7.

Testimony concerning the quantum of the harmful substance to which a plaintiff was exposed is essential to show causation. *Id.* at 8. And this quantitative evidence—the dose-response analysis—is missing from Plaintiffs' case just as it was in *Borg-Warner*. Plaintiffs' experts have failed to link any of Plaintiffs' illness to any particular dose of any NEC plant substance. Because of this shortcoming, their testimony on specific causation should be excluded.

## II.     CONCLUSION

Because it is an opinion directly on point with the issue of specific causation before this Court, and because the opinion did not exist when the parties briefed and argued the subject of specific causation, Defendants request that the Court grant their motion to tender additional authority and consider the *Borg-Warner* opinion in deciding Defendants' motion on specific causation.

Dated: June 22, 2007.

Respectfully submitted,


s/Angela Logan Edwards
Harry K. Herren
Angela Logan Edwards
Mary E. Eade
WOODWARD, HOBSON & FULTON, L.L.P.
2500 National City Tower
Louisville, KY  40202
Tel:    502/581-8000
Fax:    502/581-8111
Email: hherren@whf-law.com
        aedwards@whf-law.com
        meade@whf-law.com

Clifford J. Zatz
William L. Anderson
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Telephone:  (202) 624-2810
Email: czatz@crowell.com
        wanderson@crowell.com

Linnea Brown
Holme Roberts & Owen LLP
1700 Lincoln Street
Suite 4100
Denver CO 80203-4541
Tel: (303) 861-7000
Email: nea.brown@hro.com

Robert E. Meadows
Tracie J. Renfroe
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
(713) 751-3214 (Direct)
(713) 751-3290 (Fax)
Email: rmeadows@kslaw.com
          trenfroe@kslaw.com

*Counsel for Defendants, Cooper Industries, Inc.
and  McGraw Edison Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd of June, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Donna Keene Holt
P.O. Box 10307
Knoxville, TN 37939

Charles L. Cunningham, Jr.
Suite G
6010 Brownsboro Park Boulevard
Louisville, KY 40207

Nancy Seidler Eichler
Masry & Vititoe
Second Floor
5707 Corsa Avenue
Westlake Village, CA  91362

Cary McDougal
Ellen Presby
Laura Baughman
Jory Lange
Thomas Sims
Scott Summy
Baron & Budd PC
3102 Oak Lawn Ave, Suite 1100
Dallas, TX 75219

s/Angela Logan Edwards
Angela Logan Edwards