UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**LEAD CIVIL ACTION NO. 03-476-JBC**

**CHARLES W. ADAMS, JR., et al.,**                                        **PLAINTIFFS,**

**V.**              <u>**MEMORANDUM OPINION & ORDER**</u>

**COOPER INDUSTRIES, INC.** and
**MCGRAW EDISON COMPANY,**                                     **DEFENDANTS.**

\* \* \* \* \* \* \* \* \*

Pending before the court is the plaintiff Aneti Saunders's Rule 59 (e) motion to alter or amend the judgment, R.1256. For the following reasons, the court will deny the motion.

Saunders moves the court to vacate its June 19, 2012, order which granted summary judgment to the defendants in this case involving an alleged toxic tort resulting from chemicals at a plant that supposedly caused the cancer which led to Saunders's husband's death. The court found in that order that Saunders had not established specific causation sufficient to support her case of negligence against the defendants, and thus, that she had failed to establish an essential element of her case. Saunders now argues that the court should reconsider its finding and vacate the summary judgment because she has presented reliable expert testimony and undisputed facts from which a jury may conclude that her deceased husband's cancer was caused by his exposure to NEC plant chemicals.

Rule 59 (e) permits a court to alter or amend a judgment only upon a showing of clear error of law, newly discovered evidence, an intervening change of law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Saunders has made none of those showings. While she acknowledges that in order to establish causation she must prove that an individual or combination of toxic substances from the NEC plant was capable of causing her husband's cancer and that such substances in fact caused the injury, *see* R.1256, p.2 (citing *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676-77 (6th Cir. 2011)), she does not demonstrate that the court committed error or entered an unjust ruling when it found that Saunders had not proved those elements.

Saunders argues that, contrary to the court's opinion, the testimony of expert Dr. Finkelstein satisfied the required showing for specific causation because he analyzed Mr. Saunders's cancer tissue and concluded that the cancer displays certain characteristics that are distinctive of cancer caused by exposure to NEC plant chemicals. She states that Dr. Finkelstein used a method other than the dose-response method to prove specific causation and to reach these findings. But even if the process proposed by Saunders – which included testing the cancer tissue, analyzing it, and considering the results within the context of the expert's prior experience and research – were considered a method for proving specific causation, she still has not shown that Dr. Finkelstein's testimony establishes specific causation, including that "the individual [was] exposed to a sufficient amount of the substance in question to elicit the health effect," and that "the

2

chronological relationship between exposure and effect [is] biologically plausible;" as well as that the expert considered the likelihood that the chemical caused the disease or injury in the context of other known causes.  R.1254, p.3 (citing R.959 at 5 (internal citations omitted)).

Saunders also argues that there is no evidence or expert opinion suggesting some other possible exposure source for Mr. Saunders's cancer and that the defendants' theory on smoking as a potential cause of the cancer is not reliable. But these arguments miss the mark.  Saunders has the burden of establishing causation, and it is the duty of Dr. Finkelstein, Saunders's expert, not of the defendants, to rule out other potential sources of exposure.  *See Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 674 (6th Cir. 2010).  Accordingly,

**IT IS ORDERED** that Aneti Saunders's Rule 59 (e) motion to alter or amend the judgment, R.1256, is **DENIED**.

Signed on December 28, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY